871 F.2d 1097
 37 Cont.Cas.Fed. (CCH) 76,022
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GLOBAL ASSOCIATES, Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1606.
 United States Court of Appeals, Federal Circuit.
 March 24, 1989.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the National Aeronautics and Space Administration Board of Contract Appeals (Board), Global Assocs., NASA BCA No. 187-1, 88-2 BCA p 20,723 (1988), granting the government's summary judgment motion and dismissing Global Associates' (Global) appeal, is vacated and remanded.
 
 OPINION
 
 2
 We agree with the Board that the question here is whether the Bottoni lawsuit involved liabilities to third persons "arising out of the performance of the contract." Global, 88-2 BCA p 20,723, at 104,719. Although the Board answered "no" to that question, we cannot discern from its opinion the basis for that determination. Normally, we "give[ ] careful consideration and accord[ ] great respect" to the Board's interpretation of a contract. Fortec Constructors v. United States, 760 F.2d 1288, 1291 (Fed.Cir.1988). In some instances, the Board's legal interpretation may even be compelling. See United States v. Turner Constr. Co., 819 F.2d 283, 285 (Fed.Cir.1987). The ambiguity of the Board's opinion here has essentially left this court without any assistance in construing the "arising out of the performance of the contract" language. Therefore, we remand for the Board to focus on whether its determination is based upon the conclusion that Global had no responsibility for the accident, see Global, 88-2 BCA p 20,723, at 104,720, or upon the conclusion that the Bottoni lawsuit was too attenuated from the contract's performance. See Brief for Appellee at 15-17, Global Assocs. v. United States, (Fed.Cir.) (No. 88-1606).
 
 COSTS
 
 3
 Each party is to bear its own costs.